NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 17, 2014[*]
Decided April 18, 2014

**Before**

JOEL M. FLAUM, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 13-3662

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 07 CR 580-6 |
| THADDEUS BANIA, *Defendant-Appellant*. | Charles P. Kocoras, *Judge.* |

**O R D E R**

Thaddeus Bania appeals the denial of his motion for early termination of his supervised release under 18 U.S.C. § 3583(e). We affirm.

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

In May 2009 a jury found Bania and others guilty of conspiring to commit honest-services fraud by rigging a union election, *see* 18 U.S.C. §§ 1341, 1346, and to embezzle labor union property, *see* 29 U.S.C. § 501(c). The district court sentenced Bania to 40 months' imprisonment, to be followed by two years' supervised release, and ordered him to pay $902,036 in restitution to the union. (All conspirators were jointly and severally liable for the restitution, and the amount contributed by Bania was to be credited against the $864,924 forfeiture also ordered in his case.) Bania did not appeal either his conviction or sentence.

Bania completed his sentence and was released from prison in November 2012. Nearly eleven months later, while on supervised release, he moved for early termination of supervision under 18 U.S.C. § 3583(e), based on his law-abiding behavior and compliance with the terms of supervision since his release from prison. The government opposed the motion, noting that Bania had paid less than $7500 of the ordered restitution (of which more than $635,000 still was outstanding), and that it had a policy of objecting to early termination of supervised release whenever a substantial financial obligation remains to be satisfied. The district court, in a minute order, denied Bania's motion "[i]n light of [Bania's] substantial outstanding financial obligation . . . ."

On appeal Bania raises for the first time his lone argument—that the district court plainly erred in denying his motion because the court ordered restitution for intended rather than actual loss. But not only is Bania's challenge to the underlying restitution order untimely because it was not made within fourteen days of the entry of judgment, *see* FED. R. APP. P. 4(b); *United States v. Hook*, 471 F.3d 766, 771 n.1 (7th Cir. 2006), he also does not present us with any evidence to suggest that the district court erred, let alone plainly erred. The district court was statutorily bound to consider, among other things, the need to provide restitution to the victims, 18 U.S.C. §§ 3583(e); 3553(a)(7), and a conclusion that further supervision was needed to ensure repayments to Bania's victims was not plain error.

**AFFIRMED**.